Leonnel Iruke (TBN 24062796)
leoslaw@gmail.com
EMPIRE LEGAL PLLC
8303 Southwest Freeway, Ste. 900
Houston, Texas 77074
Telephone: (713) 771-0300
Facsimile: (713) 490-9080
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| MARKETING INTEGRALE CO. ) | Case No: 4:12-cv-00880 |
| Plaintiff, ) | |
| ) | |
| V. ) | **FIRST AMENDED COMPLAINT** |
| ) | |
| ) | **DEMAND FOR JURY TRIAL** |
| ) | |
| ) | |

Todd Roberson, Todd Roberson d/b/a
bestdamnstocks.com,
thepennystockguru.com
a/k/a Jeff Jeffries, William William,
Mesa Marketing LLC, otcbullmarkets.com,
thebullexchange.com
John Does 1-10, ABC Corporation 1-10)
Defendants.
_____

     Plaintiff, Marketing Integrale Co. ("Integrale" or "Plaintiff") files this complaint against multiple defendants Todd Roberson, Todd Roberson d/b/a bestdamnstocks.com, thepennystockguru.com aka Jeff Jeffries, William William, otcbullmarkets.com, thebullexchange.com, John Does 1-10, ABC Corporation 1-10 (collectively "Defendants") and alleges as follows:

**A. PARTIES**
**Plaintiff**

1. Plaintiff Marketing Integrale Co. is a web-based Company marketing and customer relations firm, incorporated in Quebec, Canada; principally conducting its business via the internet, and purposefully availing itself to the U.S. Customer base. Integrale maintains core staff in the United States, primarily in Harris County, Houston, Texas and Los Angeles County, Los Angeles, CA.

**Defendant(s)**
2. Upon information and belief Todd Roberson, Todd Roberson d/b/a bestdamnstocks.com, thepennystockguru.com aka Jeff Jeffries, William William are the owner(s)/operator(s) of certain web domains that are responsible for Plaintiff's damages. The address where the defendants may be served with process is at 398 Jade way, Marysville, GA 30558.

3. Upon information and belief Defendant MESA MARKETING LLC, owner of otcmarketbulls.com is responsible for some or all of Plaintiff's damages. Defendant MESA MARKETING, may be served by providing a copy of this Complaint to counsels, Christine N. Wiseman, Barrister and Solicitor, GILMOUR BARRISTERS, Suite 3 -1 Royce Avenue, BRAMPTON, Ontario L6Y 1J4; or through any other counsel they may so designate, or through their registered agent THE COMPANY CORPORATION, located 2711 CENTERVILLE ROAD SUITE 400, WILMINGTON, DE or wherever they may be found.

4. Upon information and belief Defendant thebullexchange.com is responsible for some or all of Plaintiff's damages. Plaintiff will serve Defendant thebullexchange.com at its owner(s)' address where each may be located when said parties are identified.

5. Upon information and belief, John Does 1-10 and ABC Corporation 1-10 are unidentified parties who may be responsible for some or all of the damages incurred by Plaintiff. Plaintiff will serve John Does 1-10 and/or ABC Corporation 1-10 at addresses where each may be located if said parties are identified.

**JURISDICTION AND VENUE**
6. This Court has subject matter jurisdiction under 38 U.S.C. § 1331 because it is a civil action arising under the laws of the United States. More specifically, this dispute arises, at least in part, under the provisions of the Computer Fraud and Abuse Act, 18, U.S.C. § 1030 and the Unlawful Access to Stored Communications Act, 18 U.S.C. §§ 2701.

7. The Court has personal jurisdiction over the Defendants. Plaintiff is informed, believes and thereon alleges that Defendants have sufficient contacts with this district generally and, in particular, with the events herein alleged, that each is subject to the exercise of jurisdiction of this Court. Defendants have each committed tortuous acts within the district and/or aimed their tortuous acts towards this district with the knowledge of the negative consequences would be felt in this jurisdiction.

**VENUE AND INTRADISTRICT ASSIGNMENT**

8. Venue is proper in this district under 28 U.S.C. § 1391.

9. Assignment to the Houston division is proper pursuant to Local Rule 3- 2(c) and (d) because a substantial portion of the events giving rise to this action occurred in this district and division.

**FACTUAL ALLEGATIONS**

10. The Plaintiff, Marketing Integrale, is a web-based Company marketing and customer relations firm, incorporated in Quebec, Canada; principally conducting its business via the internet, and purposefully availing itself to the U.S. Customer base. Marketing Integrale maintains core staff in the United States, primarily in Harris County, Houston, Texas and Los Angeles County, Los Angeles, CA.

11. The Plaintiff, is engaged primarily in the creation, editing, dissemination, and management of marketing newsletters for various trade publications and websites, within various industries.

12. The Plaintiff, also procures, manages and maintains consumer data and records, inclusive of email lists that it uses in seasonal email opt-in marketing campaigns.

13. The Plaintiff charges its customers a dissemination fee (advertising fee) in order for customers to gain access to its email dissemination services to its proprietary database. Upon information and belief, on or around February 18, 2011, the defendants in this case have each/or while in acting in concert by the use of an artifice or scheme, successfully hacked into Marketing Integrale's server's hosted at its primarily servers located in the United States at I-contact (http://www.icontact.com). Defendants hacked into Plaintiff's server in order to gain access, copy, and distribute mail directly to persons on Marketing Integrale's proprietary e-mail customer lists. By accessing and utilizing Plaintiff's e-mail list without payment and without authorization, Defendants violated 18 U.S.C. § 2701 and 18 U.S.C. § 1030.

14. Upon information and belief, after the Defendants stole Integrale's email lists, Defendants incorporated the use of several websites and other associated servers in order to complete their illegal activity.

15. Plaintiff seeks to identify the Defendants by requesting the Court to issue an Order granting leave to take immediate discovery. Upon information and belief, Plaintiff's proprietary data was illegally accessed and stolen from its central corporate servers that are hosted at I-contact (http://www.icontact.com). Plaintiff seeks a court order so it can discover the IP addresses that accessed its I-contact accounts. Plaintiff also seeks information from I-contact to verify whether I-contact "saved" any of the lists that were obtained or exported. Plaintiff believes that I-contact maintains a log of all IP addresses and exports that access Plaintiff's accounts.

16. Upon information and belief, the Defendants utilized other websites to send e-mails and contact some or all recipients on Plaintiff's proprietary e-mail address list. Upon information and belief, Defendants registered and/or hosted a website http://wallstreetpennystockadvisors.com, which appears to be a Spam website base page, registered at Godaddy.com and hosted by http://www.planetonline.net. Plaintiff seeks a court order so it can discover the Credit Card Information and IP Addresses of the registered owner and persons accessing the website http://wallstreetpennystockadvisors.com on Godaddy.com, http://www.planetonline.net, or the actual website that registered and hosts that website.

17. Upon information and belief, Defendants registered and/or hosted a website mynewsletterbuilder.com. Defendants uploaded all, or a substantial portion, of the stolen list on this website to send e-mails.

18. Upon information and belief, Defendant Does registered and/or hosted a website thepennystockguru.com. Upon information and belief, Doe Defendants registered this page as gi.net and hosted the site on vortexhost.com. Upon information and belief, Defendants used an e-mail provider, campaigner.com to disseminate e-mails to individuals on the stolen e-mail list. Plaintiff seeks a court order so it can discover the IP Addresses and Credit Card identifier information of those who registered and used the accounts at the websites listed in this paragraph.

19. Upon information and belief, Defendants registered and/or hosted a website swalert.com. Upon information and belief, Defendants registered this page as enom.com and hosted the site on http://www.planetonline.net. Upon information and belief, Defendants used an e-mail provider, ezinedirector.net to disseminate e-mails to individuals on the stolen e-mail list.

20. Upon information and belief, the websites operated by Defendant Does' are linked to the Twitter accounts named Sherrybrooks34 and Tracycallies.

21. Upon information and belief, the websites operated by Defendant Does' are linked to the Facebook account named adria.robinson5.

## FIRST CAUSE OF ACTION
**(Unlawful Access to Stored Communications 18 U.S.C. §§ 2701 and 2707)**

22. The Plaintiff re-alleges and incorporates by reference as if verbatim Paragraphs 1-21.

23. The Defendants intentionally accessed the Plaintiff's web servers, which are facilities where electronic communication services are provided.

24. Upon information and belief, the Defendants committed these unlawful accesses on or around February 18, 2011.

25. The Defendants, who were not members of the Marketing Integrale website, and thus had no right to access the Plaintiff's copyrighted materials, unlawfully did so.

26. The Defendants obtained access to Plaintiff's electronic communications while they were in electronic storage and thus should be punished under 18 U.S.C. § 2701.

27. Pursuant to 18 U.S.C. § 2707, the Defendants are liable to the Plaintiff for damages and reasonable attorneys' fees.

## SECOND CAUSE OF ACTION
**(Computer Fraud and Abuse Act 18 U.S.C. § 1030)**

28. The Plaintiff re-alleges and incorporates by reference as if verbatim Paragraphs 1-27.

29. Defendants did unlawfully enter into a computer server where Plaintiff's proprietary materials were contained, and did unlawfully enter Plaintiff's computer servers.

30. This entry was unauthorized, and through this entry, Defendants did steal the Plaintiff's property, the proprietary materials, the value of which is in excess of $1,000,000.

31. Plaintiff's computer servers constitute a "computer" within the meaning of 18 U.S.C. § 1030(e)(1).

32. The "computer identified above was used in interstate commerce or communication and was a protected computer within the meaning of 18 U.S.C. § 1030(e)(2)(B).

33. Defendants knowingly caused the transmission of a program, information, code, or command targeted at a protected computer.

34. As a result of such conduct, Defendants intentionally caused damage without authorization, to the Plaintiff and to the relevant computer systems.

35. Defendants intentionally accessed a protected computer without authorization, and as a result of such conduct, has caused damage.

36. The damaged caused includes a loss aggregating substantially more than the $5,000 amount required under 18 U.S.C. § 1030(a)(5)(B)(i).

37. Plaintiff has been damaged, and has suffered losses, due to these past wrongs by Defendants.

38. Defendants' actions were willful in nature, entitling Plaintiff to enhanced damages. Plaintiff seeks statutory damages, actual damages, an award of attorneys fees and costs, as well as injunctive relief to ensure that Defendants do not engage in any future activity of similar nature.

## DEMAND FOR JURY TRIAL

39. Plaintiff asserts its rights under the Seventh Amendment to the U.S. Constitution and demands, in accordance with Federal Rule of Civil Procedure 38, a trial by jury on all issues including, but not limited to, those issues and claims set forth in any amended complaint or consolidated action.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff prays for judgment as follows:

40. Injunctive relief restraining the Defendants, their agents, servants, employees, successors and assigns, and all others in concert and privity with him, to ensure that Defendants do not engage in any future activity of similar nature.;

41. Damages according to proof, including statutory damages and actual damages;

42. Attorneys' fees and costs;

43. All costs and disbursements incurred by Plaintiff related to the alleged actions and this suit; and

44. Such other and further relief as the Court shall find just and proper.

**DATED: April 09, 2012**
By /s/Leonnel Iruke
Leonnel Iruke (TBN 24062796)
leoslaw@gmail.com
EMPIRE LEGAL PLLC
8303 Southwest Freeway, Ste. 900
Houston, Texas 77074
Telephone: (713) 771-0300
Facsimile: (713) 490-9080
Attorneys for Plaintiffs Marketing Integrale Co.