IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **MARKETING INTEGRALE CO.,** | § | |
| | § | |
| **Plaintiff,** | § | |
| v. | § | CIVIL ACTION NO. 4:12-CV-00880 |
| | § | |
| **TODD ROBERSON, ET AL.,** | § | |
| | § | |
| **Defendants.** | § | |

## DEFENDANT MESA MARKETING, LLC'S MOTION TO DISMISS

Defendant Mesa Marketing, LLC ("Mesa Marketing" or "Defendant"), pursuant to Rules 8(a), 12(b)(6) and 12(e) of the Federal Rules of Civil Procedure, seeks an order dismissing all claims asserted against it in the First Amended Complaint ("FAC") or, in the alternative, an order requiring that plaintiff Marketing Integrale Co. ("Marketing Integrale" or "Plaintiff") provide a more definite statement of its claims.

### INTRODUCTION

The law requires that an initial pleading contain a short and plain statement that provides a defendant with fair notice of the claims at issue and the grounds on which they rest. In order to survive a motion to dismiss, a party asserting a claim for affirmative relief must allege sufficient factual matter to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the plaintiff's claims must be dismissed.

In this case, plaintiff Marketing Integrale has vaguely alleged that some combination of the named defendants—which include the movant, one or more individuals in Georgia, four

websites, unidentified John Does 1-10, and unnamed ABC Corporations 1-10—participated in hacking Plaintiff's remotely held computer servers to steal proprietary email lists.  Rather than provide adequate notice of the bases for its claims against defendant Mesa Marketing, however, the FAC mixes speculation, legal conclusions, and a bare minimum of factual allegations to create only a skeletal imitation of a true pleading.  It is the type of incomplete and ultimately implausible complaint that federal courts now routinely dismiss.  Even where Plaintiff's claims can be discerned, the FAC fails to address fundamental elements of the stated causes of action, particularly as they concern defendant Mesa Marketing.  Simply put, because the FAC fails to state any claim upon which relief against defendant Mesa Marketing can be granted, defendant Mesa Marketing should be dismissed from this lawsuit.

## BACKGROUND

### I.     Procedural Background

Plaintiff Marketing Integrale first filed a complaint against multiple defendants on March 22, 2012.  Dkt. No. 1.  The original complaint did not name Mesa Marketing as a defendant. *Id.* On April 9, 2012, the FAC was filed, adding Mesa Marketing as a defendant to this action.  Dkt. No. 5.  Defendant Mesa Marketing waived service of the FAC on April 18, 2012, a copy of which waiver was filed with this Court on April 24, 2012, Dkt. No. 7, thus making defendant Mesa Marketing's deadline to file its initial responsive pleading on or before June 18, 2012.

### II.    The Plaintiff's Allegations[1]

Plaintiff Marketing Integrale claims it is a web-based company, incorporated in Quebec, Canada, offering marketing and customer relations services via the Internet.  FAC at ¶ 1.  More

---

[1] Although the bulk of Plaintiff's allegations are made "[u]pon information and belief," and although Defendant Mesa Marketing vehemently denies that it has any involvement in the actions made the subject of this suit, for purposes of deciding this Motion the facts in the FAC must be taken as true. *See generally Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

specifically, it allegedly creates, edits, disseminates and manages marketing newsletters in various industries. *Id.* at ¶ 11. Plaintiff Marketing Integrale also manages and maintains consumer data, including email lists used in seasonal email opt-in marketing campaigns, and charges customers a fee for access to its email distribution services. *Id.* at ¶ 12 – 13.

Plaintiff claims that some combination of the named defendants, and other as-yet unknown persons, hacked into remotely operated servers "in order to gain access, copy, and distribute mail directly to persons on [the Plaintiff's] proprietary e-mail customer lists." *Id.* at ¶ 13. The servers at issue are apparently operated by a third-party, I-contact, who has not been joined in this action. *Id.* According to plaintiff Marketing Integrale, "after the Defendants stole [the Plaintiff's] email lists", Defendants somehow "incorporated the use of several websites and other associated servers in order to complete their illegal activity," *Id.* at ¶ 14. The FAC then lists several domain names, Twitter account names, and a Facebook account that Plaintiff somehow attempts to link to the appropriation and misuse of its proprietary email customer lists. *Id.* at ¶¶ 16-21.

Based on these allegations, Plaintiff asserts violations of two federal statutes: (1) the Stored Wire and Electronic Communications Act, 18 U.S.C. §§ 2701 *et seq.*, being a subpart of the Electronic Communications Privacy Act; and (2) the Computer Fraud and Abuse Act, 18 U.S.C. §§ 1030 *et seq*. *See* FAC at ¶¶ 22-27 and 28-38.

### A.     Plaintiff's Allegations Against Mesa Marketing

The only allegations specifically directed at defendant Mesa Marketing are set forth in Paragraph 3 of the FAC, which states in full that:

> Upon information and belief Defendant MESA MARKETING LLC, owner of otcmarketbulls.com is responsible for some or all of Plaintiff's damages. Defendant MESA MARKETING, may be served by providing a copy of this Complaint to counsels, Christine N. Wiseman, Barrister and

> Solicitor, GILMOUR BARRISTERS, Suite 3-1 Royce Avenue, BRAMPTON, Ontario L6Y 1J4; or through any other counsel they may so designate, or through their registered agent THE COMPANY CORPORATION, located 2711 CENTERVILLE ROAD SUITE 400, WILMINGTON, DE or wherever they may be found.

FAC at ¶ 3. This is the only mention of defendant Mesa Marketing in the FAC, and contains the sum of all facts specifically mentioning defendant Mesa Marketing or the website it is alleged to own, otcmarketbulls.com. Notably, all remaining facts and allegations in the FAC do not distinguish among the "Defendants," a category that includes at least one other named individual, four websites, unidentified John Does 1-10, and unnamed ABC Corporations 1-10, none of whom appear to be related to defendant Mesa Marketing.

## ARGUMENT & AUTHORITY

I. **Defendant Mesa Marketing Should Be Dismissed For Failure to State A Claim**

    A. **Legal Standards**

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires a party asserting a claim for relief to set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." In order to comply with Rule 8(a)(2) and survive a motion to dismiss, the party's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see also Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009). As the Supreme Court has explained in *Iqbal*, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "[W]here the well-pleaded facts do not permit the court to infer more than the

4

mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id*. at 1950 (quoting Fed. R. Civ. P. 8(a)(2)). In addition, the Federal Rules of Civil Procedure require that "each allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d).

In determining whether a plaintiff's factual allegations are sufficient to survive a motion to dismiss, the court accepts all well-pleaded facts as true and views those facts in the light most favorable to the plaintiff. *Gonzalez v. Kay*, 577 F.3d at 603. Mere legal conclusions, however, unsupported by factual allegations, are not entitled to the presumption of truth and do not "show" that a pleader is entitled to relief. *See Iqbal,* 556 U.S. at 696, 678 ("naked assertions devoid of further factual enhancement" and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice"); *Rios v. City of Del Rio, Tex.*, 444 F.3d 417, 421 (5th Cir. 2006) ("conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss") (internal citations and quotation marks omitted); *Jones v. Alcoa Inc.*, 339 F.3d 359, 363 n.4 (5th Cir. 2003) ("conclusory allegations or unwarranted deductions of fact" are not accepted as true).

**B.     The Complaint Contains Insufficient Allegations Against Defendant Mesa Marketing**

The FAC does not allege facts suggesting wrongdoing by defendant Mesa Marketing and fails to plead a facially plausible claim against it. The only truly factual allegation contained in the FAC is that defendant Mesa Marketing owns the website otcmarketbulls.com; beyond this, plaintiff Marketing Integrale alleges that defendant Mesa Marketing is somehow responsible for some or all of the Plaintiff's damages, but fails to explain how. *See* FAC. at ¶ 3. All additional factual assertions are improperly directed against all defendants. And though the FAC recites

specific facts related to several websites, it makes no mention of what role the website otcmarketbulls.com or defendant Mesa Marketing played in causing harm to the Plaintiff.

Plaintiff's pleading leaves open several fundamental questions. What role did defendant Mesa Marketing play in the hacking scheme alleged by the Plaintiff? Who acted on defendant Mesa Marketing's behalf? How does the website otcmarketbulls.com—allegedly owned by defendant Mesa Marketing—figure into Plaintiff's claims? The FAC simply does not allege enough facts to infer defendant Mesa Marketing's misconduct. Instead, it contains only blanket, undifferentiated allegations that some or all of the defendants hacked into a "protected computer" (i.e., Plaintiff's remotely held servers) which caused the Plaintiff to suffer harm. *See* FAC. at ¶¶ 13-14, ¶¶ 28-38.

This broad-brush approach does not provide sufficient factual information to allow the Court to draw the reasonable inference that defendant Mesa Marketing is liable for any misconduct. *See Iqbal*, 556 U.S. 678-79. As the Supreme Court has stated, "[t]hreadbare recitals of a cause of action's elements, supported by mere conclusory statements," are insufficient to withstand a motion to dismiss. *Id.* at 678. As one trial court recognized, a complaint consisting of allegations made against a group of defendants generically lacks "sufficient specificity to state a claim against" one of the named defendants. *Leinneweber v. Unicare Life & Health Ins. Co.*, A-09-CA-657-SS, 2009 WL 3837873 (W.D. Tex. Nov. 12, 2009) (*citing Cavallini v. State Farm Mut. Auto. Ins. Co.*, 44 F.3d 256, 261 (5th Cir. 1995).

### C. The FAC Fails to Allege Sufficient Facts to State a Claim Against Defendant Mesa Marketing Under the Stored Wire and Electronic Communications Act

Together, Sections 2701 and 2707 of the Stored Wire and Electronic Communications Act create a private right of action for a defendant's unlawful access to electronically stored communications where "the conduct constituting the violation is engaged in with a knowing or

6

intentional state of mind." 18 U.S.C. §§ 2701, 2707.  As one court has stated, "[t]he purpose of § 2701 is to prevent unauthorized access to a facility through which an electronic communication service is provided." *In re Am. Airlines, Inc., Privacy Litig.*, 370 F. Supp. 2d 552, 558 (N.D. Tex. 2005).

As argued above, Plaintiff has failed to plead facts sufficient to reasonably infer that defendant Mesa Marketing participated in the unauthorized access to any of Plaintiff's servers. The FAC does not state what role Mesa Marketing allegedly played in the hacking scheme at issue or who acted on defendant Mesa Marketing's behalf.  *See* FAC at ¶¶ 3, 10-21.  And unlike the Plaintiff's Computer Fraud and Abuse Act cause of action in which it tries to muster some claim of damages (albeit improperly as noted below), the allegations under Sections 2701 and 2707 are wholly insufficient because the FAC does not state how the Plaintiff has been damaged by any of the Defendants' alleged acts whatsoever.  *Id.*  These deficiencies warrant dismissal.

In addition, the FAC fails to allege that defendant Mesa Marketing acted with the requisite state of mind (i.e., knowingly or intentionally).  *See* 18 U.S.C. § 2707 (providing a private right of action for wrongful conduct "engaged in with a knowing or intentional state of mind may").  Although Plaintiff states generically that "[t]he Defendants intentionally accessed the Plaintiff's web servers," there are no facts in the FAC that directly support this allegation.  In this regard, the allegations are similar to those at issue in *Butera & Andrews v. International Business Machines Corp.*, in which defendant IBM prevailed on a motion to dismiss for failure to state a claim.  *See Butera & Andrews v. International Business Machines Corp.,* 456 F. Supp. 2d 104, 107 (D.D.C. 2006).  In *Butera & Andrews*, the plaintiff alleged violations of 18 U.S.C. § 1030, 2701(a), and 2707.  *Id.*  As in this case, the plaintiff in *Butera* claimed "upon information and belief" that certain John Does—employees supposedly acting on behalf of IBM—

7

perpetrated damaging cyberattacks. *Id.* at 107. En route to dismissing the plaintiff's claims, the Court found it significant that the plaintiff failed to allege that IBM had "orchestrated, authorized, or was otherwise aware of" alleged attacks on the plaintiff's computer network or how IBM sought to benefit from such attacks. *Id.* at 107.

Here, Plaintiff has not stated how defendant Mesa Marketing participated in the alleged violations of Sections 2701 and 2707, whether as a direct participant, orchestrator, abettor, or accomplice after the fact. Moreover, Plaintiff has not pleaded that defendant Mesa Marketing or anyone acting on its behalf acted with the requisite intentional or knowing frame of mind. Instead, Plaintiff rests its claim on "information and belief" and on a conclusory recitation of the elements of the statutory claims at issue. Taken as a whole, the FAC has not "not nudged [the Plaintiff's] claims across the line from conceivable to plausible," and should be dismissed. *Twombly*, 550 U.S. at 570.

### D. The Complaint Fails to Allege Sufficient Facts to State a Claim Against Defendant Mesa Marketing Under the Computer Fraud and Abuse Act

Subsection (a) of Section 1030 of the Computer Fraud and Abuse Act ("CFAA") describes five types of activities that can give rise to criminal liability, all of which relate to unauthorized access to computers and cybercrimes. 18 U.S.C.A. § 1030(a) (West 2000 & Supp. 2011). In addition to codifying criminal conduct and sanctions, the CFAA also provides a private right of action for certain wrongful acts, but only where a defendant's alleged conduct "involves 1 of the factors set forth in subclauses (I), (II), (III), (IV), or (V) of subsection (c)(4)(A)(i)." *Id.* § 1030(g).[2]

---

[2] The five factors set forth in the relevant subclauses are: "(I) loss to 1 or more persons during any 1-year period . . . aggregating at least $5,000 in value; (II) the modification or impairment, or potential modification or impairment, of the medical examination, diagnosis, treatment, or care of 1 or more individuals; (III) physical injury to any person; (IV) a threat to public health or safety; [or] (V) damage affecting a computer used by or for an entity

As an initial matter, the FAC fails to properly plead a violation of the CFAA. It does not, for example, allege how the conduct of any Defendant—let alone defendant Mesa Marketing—has given rise to a private right of action under the statute. Paragraph 36 of the FAC alleges that the Plaintiff suffered "a loss aggregating substantially more than the $5,000 amount required under 18 U.S.C. § 1030(a)(5)(B)(i)." FAC at ¶ 36. But the cited provision does not exist. The Complaint also does not specifically allege a violation of any subclause of § 1030(c)(4)(A)(i)(I)–(V), as required to state a private cause of action under § 1030(g). *See* 18 U.S.C. § 1030(g). The Court should order dismissal on this basis alone.

But even assuming that the facts set forth by Plaintiff sufficiently state a claim under one of the subclauses of § 1030(c)(4)(A)(i)(I)–(V), the FAC fails to plead all the required elements of a claim. Most importantly, the FAC fails to adequately plead damages. To state a civil claim under the CFAA, the Plaintiff must allege a "loss to 1 or more persons during any 1-year period . . . aggregating at least $5,000 in value." *Id.* at § 1030(c)(4)(a)(i)(I).[3] In turn, the term "loss" is defined as "any reasonable cost to any victim, including the cost of responding to an offense, conducting a damage assessment, and restoring the data, program, system, or information to its condition prior to the offense, and any revenue lost, cost incurred, or other consequential damages incurred because of interruption of service." *Id.* at §1030(e)(11).

As this Court found in *Quantlab Techs. Ltd. v. Godlevsky*, "the term 'loss' encompasses only two types of harm: costs to investigate and respond to a computer intrusion, and costs associated with a service interruption." 719 F. Supp. 2d 766, 776 (S.D. Tex. 2010). In *Quantlab*, the plaintiff made no allegation that the defendant's conduct resulted in an interruption

---

of the United States Government in furtherance of the administration of justice, national defense, or national security." 18 U.S.C. § 1030(c)(4)(A)(i)(I)–(V).

[3] Here, there is no indication that this case involves alleged interference with a medical diagnosis, physical injuries, threats to public health or safety, or an intrusion into government computers, which would give rise to civil liability under 18 U.S.C. § 1030(c)(4)(A)(i)(II) – (V), which leaves only § 1030(c)(4)(A)(i)(I) as a basis for relief.

9

of service or an investigation or response to the defendant's alleged access of a protected computer. *Id.* This constituted a failure to state a claim under the CFAA. *Id.*

Like the plaintiff in *Quantlab*, this Plaintiff's allegations of damages under § 1030 do not support a plausible claim of cognizable loss as that term is defined by statute. *Compare id. with* FAC at ¶ 36. The allegation that the Defendants stole property valued at over a million dollars does not fall within the statutory definition of "loss." FAC. at ¶ 30. Moreover, the claim that Plaintiff's § 1030 damages caused include "a loss aggregating substantially more than the $5,000 amount required" is entirely conclusory and fails to state whether such losses were suffered within the one-year period prescribed by statute. FAC at ¶ 36. Plaintiff's insufficient allegations of loss provide an independent and additional basis for dismissal of its claims under the CFAA.

## II.     Alternatively Plaintiff Should Be Required to Replead With Greater Specificity

Plaintiff has already amended its Complaint once, and presumably sets forth the Plaintiff's best statement of its claims. If, however, the Court does not believe that the claims against defendant Mesa Marketing should be dismissed at this stage, then it should at least require that the Plaintiff provide a more definite statement. When an initial pleading is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before submitting a responsive pleading. See Fed. R. Civ. P. 12(e). A defendant should not be forced to guess at the facts giving rise to claims against it.

Here, Plaintiff's live pleading lacks a short and plain statement of the claims showing its entitlement to relief from defendant Mesa Marketing. As a result, defendant Mesa Marketing cannot reasonably frame an answer to the claims as asserted. In the event that this action is not dismissed, Plaintiff should be ordered to replead in order to address each element of the causes

of action asserted in the FAC and to include sufficient and specific factual allegations that are aimed against Mesa Marketing.

## III.     Conclusion

For the reasons stated above, defendant Mesa Marketing respectfully requests that the Court dismiss Plaintiff's First Amended Complaint as to defendant Mesa Marketing. Alternatively, defendant Mesa Marketing asks that the Court order Plaintiff to provide a more definite statement of its claims, and to afford defendant Mesa Marketing such further relief to which it may show itself justly entitled.

Respectfully submitted,

FULBRIGHT & JAWORSKI L.L.P.

/s/ *Charles S. Baker*
Charles S. Baker
State Bar No. 01566200
csbaker@fulbright.com
Fulbright Tower
1301 McKinney, Ste 5100
Houston, TX 77010-3095
Telephone: (713) 651-8396
Facsimile: (713) 651-5246

C. Ashley Callahan
State Bar. No. 24027545
acallahan@fulbright.com
98 San Jacinto Blvd., Suite 1100
Austin, TX 78701-2978
Telephone: (512) 536-5201
Facsimile: (512) 536-4598

**ATTORNEYS FOR DEFENDANT
MESA MARKETING, LLC**

**CERTIFICATE OF SERVICE**

This pleading was served in compliance with the Federal Rules of Civil Procedure, today, June 7, 2012, through the Court's CM/ECF system, on the following counsel of record:

Leonnel Iruke
(TBN 24062796)
leoslaw@gmail.com
EMPIRE LEGAL PLLC
8303 Southwest Freeway, Ste. 900
Houston, Texas 77074
Telephone: (713) 771-0300
Facsimile: (713) 490-9080

ATTORNEYS FOR PLAINTIFF MARKETING INTEGRALE CO.

/s/ *Charles S. Baker*
Charles S. Baker