UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| MARKETING INTEGRALE COMPANY §<br>§<br>Plaintiff, §<br>§<br>v. §<br>§   Civil Action No. 4:12-CV-00880<br>§<br>TODD ROBERSON, INDIVDUALLY, ET. AL. §<br>§<br>§<br>Defendants. § | |

## PLAINTIFF'S RESPONSE TO DEFENDANT MESA MARKETING, LLC'S MOTION TO DISMISS

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Marketing Integrale Company as Plaintiff and files this Response to Defendant Mesa Marketing, LLC's Motion to Dismiss ("Response"). Defendants are Todd Roberson, Individually ("Roberson"), Todd Roberson d/b/a bestdamnstocks.com, thepennystockguru.com ("Roberson Company"); Mesa Marketing, LLC ("Mesa Marketing"), otcbullmarkets.com ("OTC"), thebullexchange.com ("Bull Exchange"), and other Defendants whose identifies are unknown at this time.

### NATURE AND STAGE OF PROCEEDINGS

1.  On March 22, 2012, Plaintiff filed a complaint against all Defendants excluding Mesa Marketing. On April 9, 2012, Plaintiff filed a First Amended Complaint, which named Mesa Marketing as an additional defendant. Plaintiff's First Amended Complaint ¶ 3. [hereinafter "FAC"]. In the FAC, Plaintiff claimed that Defendants violated the Stored Wire and Electronic Communications Act ("Stored Electronic Act"), 18 U.S.C. §§ 2701-2710, and the

Computer Fraud and Abuse Act ("Computer Fraud Act"), 18 U.S.C. § 1030. Plaintiff based its claims on the assertion that all Defendants hacked Plaintiff's server and stole Plaintiff's consumer email list. FAC ¶¶ 13.-14. On June 7, 2012, Mesa Marketing filed a motion to dismiss because Plaintiff failed to state a claim upon which relief could be granted. In the alternative, Mesa Marketing requested that Plaintiff re-plead and provide Mesa Marketing with a more definite statement. Defendant Mesa Marketing, LLC's Motion to Dismiss p. 11. [hereinafter Motion to Dismiss]. Plaintiff reviewed Mesa Marketing's motion, re-pled, and filed a Second Amended Complaint (hereinafter "SAC"), which addressed each of Mesa Marketing's concerns regarding Plaintiff's pleadings. Plaintiff now files this Response.

## STANDARD OF REVIEW FOR RULE 12(b)(6) MOTION TO DISMISS

2. The Fifth Circuit reviews de novo the grant of a 12(b)(6) motion to dismiss. *Ballard v. Wall*, 413 F.3d 510, 514 (5th Cir. 2005). When considering defendant's motion, the court must construe the factual allegations in the complaint in the light most favorable to plaintiff. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000). If the factual allegations in plaintiff's complaint are sufficient to show that the right to relief is plausible and above mere speculation, the court should deny defendant's motion. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56, 570 (2007).

## ISSUES

I. Did Plaintiff plead sufficient facts to suggest wrongdoing by Mesa Marketing when Plaintiff pled that Mesa Marketing, through OTC, intentionally and willfully hacked Plaintiff's server, at I-contact, and stole Plaintiff's consumer email list while Plaintiff electronically stored the list on its server? Yes.

II. Did Plaintiff plead sufficient facts to state a claim for relief under the Stored Electronic Act when Plaintiff pled that Mesa Marketing directed, approved, knew of, and sought to benefit from OTC's theft of Plaintiff's consumer email list so that Mesa Marketing could use Plaintiff's illegally obtained consumer email list to solicit the consumers without any payment to Plaintiff, which was an unfair business advantage over Plaintiff? Yes.

III. Did Plaintiff plead sufficient facts to state a claim for relief under the Computer Fraud Act? Yes.

## ARGUMENT

**I.      Plaintiff Pled Sufficient Facts to Identify Mesa Marketing's Misconduct.**

3. Here, Mesa Marketing argued that "[t]he FAC does not allege facts suggesting wrongdoing by defendant Mesa Marketing and fails to plead a facially plausible claim against it." Motion to Dismiss p. 5, Part B. Plaintiff re-pled and addressed Mesa Marketing's concerns . For example, Plaintiff pled that:

> Defendant OTC, without Plaintiff's authorization, intentionally and willfully hacked Plaintiff's server, at I-contact, and stole Plaintiff's consumer email list while Plaintiff electronically stored the list on its server. Upon information and belief, Mesa Marketing directed, approved, knew of, and sought to benefit from OTC's theft of Plaintiff's consumer email list so that Mesa Marketing could use Plaintiff's illegally obtained consumer email list to solicit the consumers, which was an unfair business advantage over Plaintiff.
>
> Mesa Marketing is vicariously liable for OTC because at all relevant times, upon information and belief, OTC's acts were performed while in the employment of Mesa Marketing, to further Mesa Marketing's business, and to accomplish the objective for which OTC was created. Upon information and belief, OTC's acts were within the scope of its employment with Mesa Marketing. SAC ¶¶ 29.-30.

4. Plaintiff provided Mesa Marketing with specific facts to allow this Court to draw a reasonable inference that Mesa Marketing is vicariously liable to Plaintiff, through OTC's misconduct, namely hacking Plaintiff's server and stealing Plaintiff's consumer email list.[1] In

---

[1] Mesa Marketing also asked "What role did defendant Mesa Marketing play in the hacking scheme alleged by Plaintiff?....[and] [w]ho acted on defendant Mesa Marketing's

2

addition, Plaintiff specifically identified Mesa Marketing and OTC; and their wrongful actions to address Mesa Marketing's argument that Plaintiff's FAC only made allegations against a group of defendants. Motion to Dismiss p. 6, Part B; *compare* FAC p. 1 (Plaintiff originally referred to all Defendants as "collectively Defendants") *with* SAC ¶ 1 (Plaintiff re-pled to refer to each Defendant by name). For reasons above, Plaintiff's SAC contains sufficient allegations to suggest that Mesa Marketing is liable to Plaintiff through OTC's misconduct.

## II.     Plaintiff Pled Sufficient Facts to State a Claim Against Mesa Marketing Under The Stored Electronics Act.

5.      The "[Stored Electronics Act] provides a civil remedy for any aggrieved person whose electronic communications have been accessed while in storage on a facility that provides electronic communications. *Redding, Linden, Burr, Inc. v. King*, 2008 U.S. Dist. LEXIS 50717, 17-18 (S.D. Tex. July 1, 2008) (citing 18 U.S.C. §§ 2701, 2707). The FSCA imposes civil liability upon any person who intentionally accesses without authorization a facility through which an electronic communication service is provided . . . and thereby obtains, alters, or prevents authorized access to a[n] . . . electronic communication while it is in electronic storage." *Redding*, 2008 U.S. Dist. LEXIS 50717 at 17-18 (citing 18 U.S.C. §§ 2701, 2707).

6.      Here, Plaintiff pled that it "was a provider of electronic communication services within the meaning of 18 U.S.C. § 2707." [2] Plaintiff also pled that it "electronically stored its

---

behalf?" Motion to Dismiss p. 6, Part B. Plaintiff re-pled and address Mesa Marketing's questions. SAC ¶¶ 29.-30.; *see e.g.*, SAC ¶¶ 20.-21., 35.-37.

[2]     More specifically, Plaintiff pled that it "maintained a consumer database on its server, which included demographics of people interested in particular trade publications and websites" and that Plaintiff "electronically transmit[ted] electronic communications, namely [its] consumer email lists, to trade publications and websites interested in purchasing Plaintiff's consumer email lists." SAC ¶ 26.

consumer email list within the meaning of 18 U.S.C. § 2510(17).[3] Plaintiff then specifically pled that "Defendant OTC, without Plaintiff's authorization, intentionally and willfully hacked Plaintiff's server, at I-contact, and stole Plaintiff's consumer email list while Plaintiff electronically stored the list on its server." SAC ¶ 29; *Redding*, 2008 U.S. Dist. LEXIS 50717, at (stating that since defendant accessed [a server] without authorization and thereby obtained access to the stored electronic communication, it is plausible that defendant has violated the [Stored Electronics Act]. Accordingly, [defendant's] 12(b)(6) motion to dismiss for failure to state a claim with regard to the [Stored Electronics Act is DENIED."; *cf. State Wide Photocopy, Corp. v. Tokai Financial Services, Inc.*, 909 F. Supp. 137, 145 (S.D.N.Y. 1995) (granting a motion to dismiss for failure to state a claim upon which relief can be granted in part because the plaintiff failed to allege that his server was hacked and stating that the [Stored Electronics Act] was primarily designed to provide a cause of action against computer hackers.).

7. Plaintiff then tied Mesa Marketing into the case by pleading that Mesa Marketing was vicariously liable for OTC's misconduct and that "upon information and belief, Mesa Marketing intentionally directed, approved, knew of, and sought to benefit from OTC's theft of Plaintiff's consumer email list so that Mesa Marketing could use Plaintiff's illegally obtained consumer email list to solicit the consumers without any payment to Plaintiff, which was an unfair business advantage over Plaintiff. SAC ¶¶ 29.-30; *Butera & Andrews v. International Business Machines Corp.*, 456 F. Supp. 2d 104, 113 (D.D.C. 2006) (referring to the Stored Communications Act and stating that the court agrees with plaintiff that a vicarious liability

---

[3] More specifically, Plaintiff pled that it "temporarily stored its consumer email list on its server, I-contact, before electronically transmitting the list to clients and….stored the consumer email list on its server for purposes of back up protection. SAC ¶ 27.

theory "involve[s] intentional conduct that was directed or approved by the corporate defendant in order to gain an unfair business advantage at the expense of a competitor."). Plaintiff then pled that "[a]s a direct and proximate result of Defendants…..Mesa Marketing through OTC, and OTC's actions, Plaintiff incurred the following damages: attorneys' fees, lost income, lost profit, and expenses." SAC ¶ 31. As such, Mesa Marketing is vicariously liable to Plaintiff through OTC's misconduct or alternatively liable to Plaintiff as an accomplice after the fact. For these reasons, Plaintiff pled sufficient facts to state a claim for relief against Mesa Marketing under the Stored Electronics Act.

### III. Plaintiff Pled Sufficient Facts to State a Claim Against Mesa Marketing Under The Computer Fraud Act.

8. The Computer Fraud Act provides in part that a person violates the Act if the person intentionally accesses a computer without authorization or exceeds authorized access, and thereby obtains information from any protected computer. 18 U.S.C. § 1030(a)(2)(C). A civil action for a violation of [18 U.S.C. § 1030] may be brought only if the conduct involves 1 of the [5] factors set forth including loss to 1 or more persons during any 1-year period….aggregating at least $5,000 in value. *Id.* at § 1030(c)(4)(A)(i)(I), (g). The term "loss" means "any reasonable cost to any victim, including the cost of responding to an offense, conducting a damage assessment, and restoring the data, program, system, or information to its condition prior to the offense, and any revenue lost, cost incurred, or other consequential damages incurred because of interruption of service." *Id.* at § 1030(e)(11).

9. In its SAC, Plaintiff pled that:

> [a]t all relevant times, Plaintiff stored its consumer emails on its server, I-contact, a protected computer as defined by 18 U.S.C. § 1030(e)(2)(B). More specifically, More specifically, Plaintiff used its server, I-contact, to transmit consumer email lists from Canada to the United States and then to clients in

different states thus affecting interstate and foreign commerce. Defendants Roberson, Roberson Company, Mesa Marketing through OTC, and OTC each intentionally hacked Plaintiff's server without Plaintiff's authorization and obtained Plaintiff's consumer email list in violation of 18 U.S.C. § 1030(a)(2)(C). SAC ¶ 35.

As a result, Plaintiff clearly pled enough facts to show how Mesa Marketing violated the Computer Fraud Act through OTC's obtaining of Plaintiff's consumer email list from hacking Plaintiff's server. SAC ¶¶ 35.-37. (pleading that Mesa Marketing was vicariously liable for OCT's actions).

10. In addition, Plaintiff pled that:

[a]s a direct and proximate cause of Defendants Roberson, Roberson Company, Mesa Marketing through OTC, and OTC's actions, Plaintiff suffered a loss within the meaning of 18 U.S.C. § 1030(e)(11). More specifically, Plaintiff spent an aggregate amount of $10,000: a) to investigate and research what companies hacked into its server; and b) to purchase computer software to better protect against future hackers. SAC ¶ 36. In addition, Plaintiff's loss occurred during the year of 2011 and totaled $10,000 in value within the meaning of 18 U.S.C. § 1030 1030(c)(4)(A)(i)(I), (g). SAC ¶ 38.

As such, Plaintiff pled sufficient facts to establish that it was entitled to a civil cause of action under the Computer Fraud Act because Plaintiff pled that it suffered a loss of $10,000, which aggregates over $5,000, during the year of 2011, and that its loss resulted from: a) investigating the offense, namely Mesa Marketing through OTC's hacking into Plaintiff's server, b) costs associated with service interruption, namely, purchasing computer software to protect against future hackers. For these reasons, Plaintiff stated a claim for relief against Mesa Marketing under the Computer Fraud Act.

IV. **Mesa Marketing's Request for a More Definite Statement Is Moot**.

    A. **Standard of Review & Analysis**

11. Motions for a more definite statement are disfavored and should be granted only when the challenged pleading is so unintelligible that a responsive pleading cannot be framed. *Guess?, Inc. v. Chang*, 912 F. Supp. 372, 381 (N.D. Ill. 1995); *Taylor v. Cox*, 912 F. Supp. 140, 143 (E.D. Pa. 1995). Here, Mesa Marketing requested that this court "require that the Plaintiff provide a more definite statement" with regards to Plaintiff's FAC. Motion to Dismiss p. 10., Part D.II. Plaintiff re-pled with specificity in its SAC making Mesa Marketing's request for a more definite statement moot.

**V.     CONCLUSION**

12. For reasons above, Plaintiff respectfully requests that this court deny Defendant Mesa Marketing, LLC's Motion to Dismiss and in the alternative give Plaintiff time to re-plead if needed.

DATE: June 27, 2012.

RESPECTFULLY SUBMITTED,

THE DEYON LAW GROUP, PLLC

_____/s/_____
DEREK H. DEYON
2211 Norfolk, Suite 600
Houston, Texas 77098
(713) 481 – 7420
(713) 528 – 3415 Fax
TBN: 24075862
SDT: 1241732
ddeyon@deyonlawgroup.com
Attorney in Charge for Plaintiff

EMPIRE LEGAL PLLC

LEONNEL IRUKE
8303 Southwest Freeway, Ste. 900
Houston, Texas 77074
Telephone: (713) 771-0300
Facsimile: (713) 490-9080
TBN: 24062796
leoslaw@gmail.com
Attorney for Plaintiff

CERTIFICATE OF SERVICE

       I certify that on June 27, 2012 a true and correct copy of the foregoing document was served on the following through the Court's CM/ECF system:

Charles S. Baker
State Bar No. 01566200
csbaker@fullbright.com
Fulbright Tower
1301 McKinney, Ste. 5100
Houston, Texas 77010-3095
Telephone: (713) 651 – 8396
Facsimile (713) 651 – 5246

C. Ashley Callahan
State Bar No. 24027545
acallahan@fullbright.com
98 San Jacinto Blvd., Suite 1100
Austin, Texas 78701-2978
Telephone: (512) 536 – 5201
Facsimile (512) 536 – 4598

Attorneys for Defendant Mesa Marketing, LLC

_____/s/_____
DEREK H. DEYON

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MARKETING INTEGRALE COMPANY | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | Civil Action No. 4:12-CV-00880 |
| TODD ROBERSON, INDIVDUALLY, ET. AL. | § | |
| | § | |
| Defendants. | § | |

<u>ORDER ON DEFENDANT MESA MARKETING, LLC'S MOTION TO DISMISS</u>

On this date, the Court considered Defendant Mesa Marketing, LLC's Motion to Dismiss, the response, and the pleadings on file. After considering the Motion, the Court:

(   )   DENIES Defendant Mesa Marketing, LLC's Motion to Dismiss.

(   )   ORDERS that Plaintiff re-plead in accordance with Defendant Mesa Marketing, LLC's Motion to Dismiss within _____ days of this order, a failure of which will result in Plaintiff's claims being dismissed without prejudice to re-filing.

SIGNED this _____ day of _____, 20_____.

_____
KENNETH M. HOYT
United States District Judge