UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

United States Courts
Southern District of Texas
FILED

JUN 2 8 2012

David J. Bradley, Clerk of Court

| | |
|---|---|
| MARKETING INTEGRALE COMPANY § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | |
| § | Civil Action No. 4:12-CV-00880 |
| § | |
| TODD ROBERSON, INDIVDUALLY, § | |
| TODD ROBERSON d/b/a/ bestdamnstocks.com, § | |
| thepennystockguru, MESA MARKETING LLC § | |
| OTCBULLMARKETS.COM, AND § | |
| THEBULLEXCHANGE.COM § | |
| § | |
| Defendants. § | |

PLAINTIFF'S SECOND AMENDED COMPLAINT

SUMMARY OF SUIT

1.      This is an action by Marketing Integrale Company ("Plaintiff or "Marketing Integrale") against Defendants Todd Roberson, Individually, Todd Roberson d/b/a bestdamnstocks.com, thepennystockguru.com; Mesa Marketing, LLC, otcbullmarkets.com, thebullexchange.com, and other Defendants whose identifies are unknown at this time, for misappropriation of Plaintiff's trade secrets, and violations of the Stored Wire and Electronic Communications Act, 18 U.S.C. §§ 2701-2710, and the Computer Fraud and Abuse Act, 18 U.S.C. § 1030.

THE PARTIES & SERVICE

2.      Plaintiff, Marketing Integrale, is a corporation organized under the laws of Quebec, Canada with its principal place of business in Quebec, Canada. Plaintiff is an internet

1

company that specializes in marketing and customer relations. In addition to Canada, Plaintiff operates from Houston, TX and Los Angeles CA.

3. Defendant Todd Roberson ("Roberson") is an individual and citizen of the State of Georgia. Defendant Roberson may be served with citation and summons at his residence located at 398 Jade Way, Marysville, GA 30558 or at any address where he may be found. Defendant Roberson owns and operates certain web domains that conduct business in Texas, which involves Texas residents.

4. Defendant Todd Roberson is an individual and citizen of the State of Georgia doing business as bestdamnstocks.com, thepennystockguru.com ("Roberson Company"). Defendant Roberson Company may be served with citation and summons at his principal place of business located at 398 Jade Way, Marysville, GA 30558 or at any address where he may be found. Defendant Roberson Company owns and operates certain web domains that conduct business in Texas, which involves Texas residents.

5. Defendant Mesa Marketing, a/k/a Mesa Marketing Consulting, ("Mesa Marketing") is a Delaware limited liability company. Defendant Mesa Marketing previously made an appearance in this case. Upon information and belief, Defendant Mesa Marketing owns and operates certain web domains, including Defendant otcbullmarkets.com, which are responsible for Plaintiff's damages.

6. Defendant otcbullmarkets.com's ("OTC") state of organization and principal place of business are unknown at this time. Defendant OTC conducts business in Texas, which involves Texas residents.

7. Defendant thebulllexchange.com's ("Bull Exchange") state of organization and principal place of business are unknown at this time. Defendant Bull Exchange conducts business in Texas, which involves Texas residents.

## JURISDICTION AND VENUE

8. This court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because Plaintiff's claims arise under 18 U.S.C. §§ 1030, 2701-2710.

9. Alternatively, this court has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(2) because the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of a state and citizens or subjects of a foreign state.

10. This court has supplemental jurisdiction under 28 U.S.C. § 1367(a) over Plaintiff's state law claim because the claim is so related to Plaintiff's federal claims that it forms part of the same case or controversy under article 3 of the U.S. Constitution.

11. This court has personal jurisdiction over all Defendants because they purposefully availed themselves of Texas law by doing business in Texas, which involved Texas residents, and because they maintained minimum contacts in Texas through their internet operations.

12. Venue is proper in the Southern District of Texas ("District") pursuant to 28 U.S.C. § 1391(b)-(2)(3) because a substantial part of the events giving rise to Plaintiff's claims arose in this District and because Defendants are subject to this District's personal jurisdiction.

## FACTS

13. Plaintiff operated an internet business that created and disseminated marketing newsletters for trade publications and websites. As part of its business, Plaintiff researched,

3

compiled, and maintained a consumer database, which included demographics of people interested in particular trade publications and websites. Plaintiff formatted its consumer database into an email list ("consumer email list"). At all relevant times, Plaintiff kept its consumer email list secret and on its computer database.

14. For a fee, Plaintiff gave trade publications and websites access to its consumer email list and also charged the companies a fee to email newsletters to people in Plaintiff's consumer email list. Upon information and belief, on February 18, 2011, Defendants Roberson, Roberson Company, Mesa Marketing through OTC, and OTC hacked Plaintiff's server located at http://www.icontact.com ("I-contact") and stole Plaintiff's consumer email list. Defendants Roberson, Roberson Company, Mesa Marketing through OTC, and OTC then used Plaintiff's consumer email list for their own commercial and financial gain by soliciting consumers in Plaintiff's consumer email list without making any payment to or receiving any authorization from Plaintiff.

## CLAIMS FOR RELIEF

I. <u>COUNT 1 – MISAPPROPRIATION OF TRADE SECRET</u>

15. Plaintiff incorporates by reference the factual allegations contained in the preceding paragraphs.

16. Plaintiff asserts a claim against Defendants Roberson, Roberson Company, Mesa Marketing through OTC, and OTC for misappropriation of trade secret.

17. Plaintiff compiled a consumer email list and maintained the list on Plaintiff's server. Plaintiff then sold the consumer email list to trade publications and websites. Plaintiff's consumer email list gave Plaintiff an advantage over its competitors because Plaintiff's

competitors did not compile the list and the list broke down the demographics of what consumers would be interested in particular trade publications and websites.

18. At all relevant times, Plaintiff kept its consumer email list secret. For instance: 1) Plaintiff took steps to maintain the confidentiality of its consumer email list by maintaining the list on Plaintiff's private server; 2) all of Plaintiff's employees, incoming and departing, acknowledged that Plaintiff's consumer email list was confidential; and 3) Plaintiff's consumer email list was not readily ascertainable because Plaintiff had to research and compile the list, which included consumers that were interested in various trade publications and websites.

19. In addition, Plaintiff kept its consumer email list secret because: 1) the list was not known outside of Plaintiff's business; 2) Plaintiff took extensive measures to guard the secrecy of the list from its competitors by maintaining the list on Plaintiff's private server; 3) the list was extremely valuable to Plaintiff and its competitors; 4) Plaintiff spent nearly its entire budget on researching, compiling, and maintaining the list; and 5) Plaintiff's consumer email list was difficult to be properly acquired or duplicated by others.

20. Defendants Roberson, Roberson Company, Mesa Marketing through OTC, and OTC each misappropriated Plaintiff's consumer email list when each hacked into Plaintiff's server and stole the list.

21. Mesa Marketing is vicariously liable for OTC's actions because at all relevant times, upon information and belief, OTC's acts were performed while in the employment of Defendant Mesa Marketing, to further Mesa Marketing's business, and to accomplish the objective for which OTC was created. Upon information and belief, OTC's acts were within the scope of its employment with Mesa Marketing.

22. Defendants Roberson, Roberson Company, Mesa Marketing through OTC, and OTC's misappropriation of Plaintiff's consumer email list, directly and proximately caused injury to Plaintiff, which resulted in the following damages: attorneys' fees, lost income, lost profit, and expenses.

23. As a result, Plaintiff seeks unliquidated damages from all Defendants, jointly and severally, in the amount of $100,000 exclusive of interests and costs.

II. COUNT 2 – VIOLATIONS OF THE STORED WIRE AND ELECTRONIC COMMUNICATIONS ACT

24. Plaintiff incorporates by reference the factual allegations contained in the preceding paragraphs.

25. Plaintiff asserts a claim against Defendants Roberson, Roberson Company, Mesa Marketing through OTC, and OTC for violations of the Stored Wire and Electronic Communications Act.

26. Plaintiff was a provider of electronic communication services within the meaning of 18 U.S.C. § 2707. More specifically, Plaintiff maintained a consumer database on its server, I-contact, which included demographics of people interested in particular trade publications and websites. Plaintiff's server allowed Plaintiff to electronically transmit electronic communications, namely Plaintiff's consumer email lists, to trade publications and websites interested in purchasing Plaintiff's consumer email list. Plaintiff also affected interstate and foreign commerce because Plaintiff's server transmitted Plaintiff's consumer email list from Canada to the United States and then to clients in different states.

27. Plaintiff electronically stored its consumer email list within the meaning of 18 U.S.C. § 2510(17). More specifically, Plaintiff temporarily stored its consumer email list on its

server, I-contact, before electronically transmitting the list to clients and because Plaintiff stored the consumer email list on its server for purposes of back up protection.

28. Defendants Roberson and Roberson Company, without Plaintiff's authorization, intentionally and willfully hacked Plaintiff's server, at I-contact, and stole Plaintiff's consumer email list while Plaintiff electronically stored the list on its server. Defendants Roberson and Roberson Company accomplished this to obtain an unfair business advantage over Plaintiff by using Plaintiff's consumer email list to solicit the consumers without making any payment to Plaintiff.

29. Defendant OTC, without Plaintiff's authorization, intentionally and willfully hacked Plaintiff's server and stole Plaintiff's consumer email list, at I-contact, while Plaintiff electronically stored the list on its server. Upon information and belief, Mesa Marketing intentionally directed, approved, knew of, and sought to benefit from OTC's theft of Plaintiff's consumer email list so that Mesa Marketing could use Plaintiff's illegally obtained consumer email list to solicit the consumers without any payment to Plaintiff, which was an unfair business advantage over Plaintiff.

30. Mesa Marketing is vicariously liable for OTC's actions because at all relevant times, upon information and belief, OTC's acts were performed while in the employment of Mesa Marketing, to further Mesa Marketing's business, and to accomplish the objective for which OTC was created. Upon information and belief, OTC's acts were within the scope of its employment with Mesa Marketing.

31. As a direct and proximate result of Defendants Roberson, Roberson Company, Mesa Marketing through OTC, and OTC's actions, Plaintiff incurred the following damages: attorneys' fees, lost income, lost profit, and expenses.

32. As such, Plaintiff seeks unliquidated damages from all Defendants, jointly and severally, in the amount of $100,000 exclusive of interests and costs.

III. COUNT 3 – VIOLATIONS OF COMPUTER FRAUD AND ABUSE ACT

33. Plaintiff incorporates by reference the factual allegations contained in the preceding paragraphs.

34. Plaintiff asserts a claim against Defendants Roberson, Roberson Company, Mesa Marketing through OTC, and OTC for violations of the Computer Fraud and Abuse Act.

35. At all relevant times, Plaintiff stored its consumer emails on its server, I-contact, a protected computer as defined by 18 U.S.C. § 1030(e)(2)(B). More specifically, Plaintiff used its server, I-contact, to transmit consumer email lists from Canada to the United States and then to clients in different states thus affecting interstate and foreign commerce. Defendants Roberson, Roberson Company, Mesa Marketing through OTC, and OTC each intentionally hacked Plaintiff's server without Plaintiff's authorization and obtained Plaintiff's consumer email list in violation of 18 U.S.C. § 1030(a)(2)(C).

36. As a direct and proximate cause of Defendants Roberson, Roberson Company, Mesa Marketing through OTC, and OTC's actions, Plaintiff suffered a loss within the meaning of 18 U.S.C. § 1030(e)(11). More specifically, Plaintiff spent an aggregate amount of $10,000: a) to investigate and research what companies hacked into its server; and b) to purchase computer software to better protect against future hackers. In addition, Plaintiff's loss occurred

during the year of 2011 and totaled $10,000 in value within the meaning of 18 U.S.C. § 1030 1030(c)(4)(A)(i)(I), (g).

37. Mesa Marketing is vicariously liable for OTC's actions because at all relevant times, upon information and belief, OTC's acts were performed while in the employment of Mesa Marketing, to further Mesa Marketing's business, and to accomplish the objective for which OTC was created. Upon information or belief, OTC's acts were within the scope of its employment with Mesa Marketing.

38. As such, Plaintiff seeks unliquidated damages from all Defendants, jointly and severally, in the amount of $10,000, plus attorney fees, interests, and costs.

## CONDITIONS PRECEDENT

39. All conditions precedent to Plaintiff's presentment of these claims have been performed, waived, or excused.

## ATTORNEY'S FEES & COSTS

40. As a result of Defendants Roberson, Roberson Company, Mesa Marketing through OTC, and OTC's (collectively "Defendants") conduct, as described herein, Plaintiff has retained Derek H. Deyon and Leonnel Iruke to prosecute this action on its behalf and has agreed to pay their reasonable and necessary attorney's fees. Defendants should be ordered to pay reasonable attorney's fees, and judgment should be rendered against Defendants in favor of these attorneys.

## JURY DEMAND

41. Plaintiff, pursuant to Rule 38 of the Federal Rules of Civil Procedure, timely files this Request for Trial by Jury.

**WHEREFORE**, Plaintiff requests that Defendants be cited to appear and answer and that on final trial Plaintiff have judgment against Defendants for:

a. Actual, direct, indirect, special, consequential, economic, and exemplary damages;

b. Pre- and post-judgment interest at the maximum rates permitted by law;

c. Reasonable and necessary attorney's fees;

d. Court costs; and

e. Such other and further relief to which Plaintiff may be justly entitled.

DATE: June 27, 2012.

RESPECTFULLY SUBMITTED,

THE DEYON LAW GROUP, PLLC

_____
DEREK H. DEYON
2211 Norfolk, Suite 600
Houston, Texas 77098
(713) 481 – 7420
(713) 528 – 3415 Fax
TBN: 24075862
SDT: 1241732
ddeyon@deyonlawgroup.com
Attorney in Charge for Plaintiff

EMPIRE LEGAL PLLC

LEONNEL IRUKE
8303 Southwest Freeway, Ste. 900
Houston, Texas 77074
Telephone: (713) 771-0300
Facsimile: (713) 490-9080
TBN: 24062796
leoslaw@gmail.com
Attorney for Plaintiff

11

## CERTIFICATE OF SERVICE

I certify that on June 28, 2012 a true and correct copy of the foregoing document was served on the following through the Court's CM/ECF system and via certified mail return receipt requested to:

Charles S. Baker
State Bar No. 01566200
csbaker@fullbright.com
Fulbright Tower
1301 McKinney, Ste. 5100
Houston, Texas 77010-3095
Telephone: (713) 651 – 8396
Facsimile (713) 651 – 5246

C. Ashley Callahan
State Bar No. 24027545
acallahan@fullbright.com
98 San Jacinto Blvd., Suite 1100
Austin, Texas 78701-2978
Telephone: (512) 536 – 5201
Facsimile (512) 536 – 4598

Attorneys for Defendant Mesa Marketing, LLC

DEREK H. DEYON